UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON



ENRIQUE ELSEY,

Plaintiff

v.

PASCO SCHOOL DISTRICT NO. 1,

Defendant.

Case No. 4:25-cv-05183-SAB

# PLAINTIFF'S MOTION FOR PRESERVATION ORDER AND LIMITED EXPEDITED DISCOVERY

## I. RELIEF REQUESTED

1. Plaintiff Enrique Elsey ("Plaintiff"), proceeding pro se, respectfully moves for an order directing Defendant Pasco School District No. 1 ("District") to preserve a discrete and finite set of records relating to Plaintiff's May 2025 post-incident urine test; authorizing limited expedited discovery prior to the Rule 26(f) conference; and requiring issuance of a written litigation hold with a confirming declaration.

2. This motion is narrowly tailored to preservation and threshold record identification only and does not seek depositions or merits discovery.

## II. PROCEDURAL POSTURE

3. Plaintiff filed this action on December 19, 2025. Defendant has been served with the summons and complaint. This motion follows service and seeks preservation and limited discovery necessary to ensure the integrity of uniquely probative records before routine deletion, overwriting, or loss occurs.

## III. LEGAL AUTHORITY AND GOOD CAUSE

4. Federal courts possess inherent authority to protect the integrity of their proceedings and prevent spoliation of evidence. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

5. The Ninth Circuit recognizes that destruction of evidence may warrant remedial measures where it prejudices the truth-finding process. Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368–70 (9th Cir. 1992).

6. Limited early discovery is appropriate where discrete information necessary to proceed is uniquely within a defendant's possession or control, including identification of key actors and custodians. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

7. Where a government actor imposes an immediate deprivation and the reliability of the underlying record is disputed, the need for prompt procedures to reduce the risk of erroneous deprivation is heightened. FDIC v. Mallen, 486 U.S. 230, 242 (1988).

## IV. FACTUAL BACKGROUND (LIMITED TO THIS MOTION)

8. Plaintiff was employed by the District as a school bus driver in a safety-sensitive position requiring a CDL.

9. On or about May 20, 2025, Plaintiff was directed to submit to a post-incident urine test.

10. At the conclusion of the collection, Plaintiff was provided Copy 5 (employee copy) of a federal Custody and Control Form bearing identifier, 2093133975. A true and correct copy of this document is attached to the Declaration of Enrique Elsey as Exhibit A.

11. Plaintiff raised identity concerns prior to termination. The existence, location, and disposition of Copies 1–4 of the same Custody and Control Form are uniquely within the District's possession, custody, or control.

## V. CONCLUSION

12. Plaintiff seeks only to preserve and obtain a finite set of core records for a single test event so the Court may adjudicate this matter on a reliable evidentiary foundation. The requested relief is narrowly tailored and necessary to prevent irreparable loss of uniquely probative evidence.

DATED: January 7, 2026
Respectfully submitted,

Enrique Elsey, pro se