Lance M. Andree, WSBA #32078
F. Chase Bonwell, WSBA #58358
Porter Foster Rorick LLP
601 Union Street, Suite 800
Seattle, Washington 98101
(206) 622-0203

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **ENRIQUE ELSEY,** | NO. 4:25-CV-05183-SAB |
| **Plaintiff,** | ANSWER |
| v. | |
| **PASCO SCHOOL DISTRICT NO. 1,** | |
| **Defendant.** | |

Defendant Pasco School District No. 1 ("Defendant") by and through its undersigned counsel, Porter Foster Rorick LLP, hereby answers Plaintiff's Complaint, ECF No. 1, as follows:

## I. NATURE OF THE ACTION

1. Admit.

2. Defendant admits Plaintiff was a public employee, covered by a collective bargaining agreement that prohibits discharge without just cause. District admits it terminated Plaintiff, and that such termination occurred on or around June 4, 2025. Defendant admits Plaintiff's termination was based on a positive test for cocaine. Defendant admits Plaintiff stated that the test was not his. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining details in the first paragraph of Paragraph 2 and on that basis denies them.

ANSWER — 1
4:25-cv-05183-SAB

Defendant admits that before terminating Plaintiff it was aware Plaintiff disputed the drug test as not his. Defendant denies Plaintiff requested an investigation into this allegation. Defendant denies the remaining allegations in the second paragraph of Paragraph 2.

4.[1]   Defendant admits it terminated Plaintiff, but denies the remaining factual allegations contained in Paragraph 4.

## II. JURISDICTION AND VENUE

5.   Admit.

6.   Admit.

7.   Admit.

## III. PARTIES

8.   Defendant lacks sufficient knowledge to form a belief as to the truth of the matter asserted and therefore denies the same.

9.   Admit all except Defendant does not employ employees in Benton County.

10.   Paragraph 10 contains legal conclusions, not allegations of fact, and Defendant denies the same on that basis.

## IV. PLAINTIFF'S FACTUAL ALLEGATIONS

11.   Admit.

12.   Admit.

13.   Admit.

---

[1] Defendant notes that the Complaint does not contain a numbered Paragraph 3, and as such Defendant does not include a Paragraph 3 in its answer.

ANSWER — 2
4:25-cv-05183-SAB

14. Paragraph 14 contains legal conclusions, not allegations of fact, and Defendant denies the same on that basis. To the extent Paragraph 14 contains factual allegations, those allegations are denied.

15. Defendant admits it maintained policy and procedure 5259/5259P and that the drug testing program established therein is required by federal law and rules.

16. Defendant admits that federal testing is governed by federal requirements. The applicability of each of the specific regulations listed to the test performed in this case is a legal conclusion and as such does not require a response.

17. Defendant admits federal code provisions include custody and control and specimen collection procedures. The applicability of each of the specific regulations listed to the test performed in this case is a legal conclusion and as such does not require a response.

18. Admit.

19. Admit.

20. Defendant admits Plaintiff provided a sample. Defendant lacks sufficient knowledge to form a belief as to the truth of the assertion that Defendant fully complied with all directives related to the testing procedure, and on that basis denies the same.

21. Admit that after collection, Plaintiff was presented with, signed, and received the donor copy (Copy 5) of a "Federal Drug Testing Custody and Control Form" and that Plaintiff's donor copy reflected the Specimen ID number 2093133975.

22. Defendant lacks sufficient knowledge to form a belief as to what Plaintiff observed but admits Plaintiff was present for split specimen collection and initialed the tamper-evident seals applied to the specimen bottles/tubes.

ANSWER — 3
4:25-cv-05183-SAB

23. Denied.

24. Admit Plaintiff participated in a phone call with Shirley Claflin at a later date following the date of collection; Defendant lacks sufficient knowledge to form a belief as to the truth of the asserted date of this discussion.

25. Defendant admits Claflin explained to Plaintiff during this phone conversation that the wrong form was originally provided to him related to the specimen collection, due to misinformation Plaintiff provided about the accident. Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 25 and on that basis denies them.

26. Denied.

27. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

28. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Denied.

31. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

32. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies them.

33. Denied.

34. Admit.

35. Admit.

36. Admit Plaintiff denied the sample was his. Defendant denies Plaintiff requested an investigation into the laboratory or drug test results.

37. Denied.

38. Defendant admits Plaintiff was issued notice of termination on June 4, 2025, for the reasons stated in the June 4, 2025 termination notice.

39. Defendant admits its termination letter stated that Plaintiff violated District Policy 5258, District Policy 5259, and WAC 392-144-103, and that it terminated Plaintiff "effective today."

40. Admit Defendant's termination letter accuses Plaintiff of testing positive for cocaine. Deny that "cocaine use" is specifically addressed in the letter.

41. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies them.

42. Defendant admits Plaintiff disputes the positive test for cocaine that led to his discharge. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations in Paragraph 42 and on that basis denies them.

43. Denied.

44. Admit.

ANSWER — 5
4:25-cv-05183-SAB

# V. PLAINTIFF'S CLAIMS FOR RELIEF

**ALLEGED COUNT 1: Procedural Due Process – Deprivation of Property Interest (Fourteenth Amendment) (42 U.S.C. § 1983)**

45. The allegations in Paragraph 45 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 45 raises any new assertions of fact, those assertions are denied.

46. The allegations in Paragraph 46 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 46 raises any new assertions of fact, those assertions are denied.

47. The allegations in Paragraph 47 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 47 raises any new assertions of fact, those assertions are denied.

48. The allegations in Paragraph 48 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 48 raises any new assertions of fact, those assertions are denied.

49. The allegations in Paragraph 49 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 49 raises any new assertions of fact, those assertions are denied.

50. The allegations in Paragraph 50 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 50 raises any new assertions of fact, those assertions are denied.

51. Denied.

52. Denied.

53. Denied.

**ALLEGED COUNT 2: Liberty Interest (Stigma-Plus) / Failure to Provide Name-Clearing Hearing (Fourteenth Amendment) (42 U.S.C. § 1983)**

54. The allegations in Paragraph 54 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 54 raises any new assertions of fact, those assertions are denied.

55. The allegations in Paragraph 55 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 55 raises any new assertions of fact, those assertions are denied.

56. The allegations in Paragraph 56 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 56 raises any new assertions of fact, those assertions are denied.

57. The allegations in Paragraph 57 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 57 raises any new assertions of fact, those assertions are denied.

58. The allegations in Paragraph 58 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 58 raises any new assertions of fact, those assertions are denied.

59. Denied.

60. Denied.

61. The allegations in Paragraph 61 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 61 raises any new assertions of fact, those assertions are denied.

62. The allegations in Paragraph 62 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 62 raises any new assertions of fact, those assertions are denied.

**ALLEGED COUNT 3: Municipal Liability (Monell) (42 U.S.C. § 1983)**

63. The allegations in Paragraph 63 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 63 raises any new assertions of fact, those assertions are denied.

64. The allegations in Paragraph 64 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 64 raises any new assertions of fact, those assertions are denied.

65. The allegations in Paragraph 65 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 65 raises any new assertions of fact, those assertions are denied.

66. The allegations in Paragraph 66 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 66 raises any new assertions of fact, those assertions are denied.

67. The allegations in Paragraph 67 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 67 raises any new assertions of fact, those assertions are denied.

68. The allegations in Paragraph 68 merely restate facts averred elsewhere in the complaint and legal conclusions from those facts; as such, no further answer is required. To the extent Paragraph 68 raises any new assertions of fact, those assertions are denied.

69. Denied.

70. Any additional allegation not specifically addressed in this Answer is considered denied.

## VI.  PLAINTIFF'S PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested. To the extent Plaintiff's prayer for relief contains factual allegations against Defendant, Defendant denies each such allegation.

## VII.  PLAINTIFF'S JURY DEMAND

Plaintiff's jury demand does not include any factual allegations and therefore no response is required. To the extent Plaintiff does allege factual allegations in Section VII of the Complaint, Defendant denies each such allegation.

## VIII.  DEFENSES

Defendant asserts or reserves the following defenses in this matter and/or reserves them pending further discovery and investigation:

1. Plaintiff's claims are subject to mandatory arbitration under his collective bargaining agreement.

2. Plaintiff has failed to exhaust administrative remedies.

3. Some or all of Plaintiff's claims are beyond the applicable statute of limitations for appeal of a school district decision.

4. Defendant reserves the right to allege further defenses as revealed by further discovery or investigation.

## IX. DEFENDANT'S PRAYER FOR RELIEF

Defendant, having fully answered Plaintiff's Complaint, requests the following:

1. For dismissal of Plaintiff's Complaint with prejudice;

2. For attorney's fees and costs as allowed by law; and

3. For such other relief as the Court may deem just and equitable.

**RESPECTFULLY SUBMITTED this 27th day of January, 2026.**

**PORTER FOSTER RORICK LLP**

By: Lance M. Andree, WSBA #32078
F. Chase Bonwell, WSBA #58358
**Attorneys for Pasco School District No. 1**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I electronically filed the foregoing Defendant's **Answer** with the Clerk of the Court using the CM/ECF filing system. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.

**Plaintiff:** Enrique Elsey, misterelsey@gmail.com

DATED this 27th day of January 2026.

**PORTER FOSTER RORICK LLP**

_____
By:  Maia Serosky, Legal Assistant
     Porter Foster Rorick LLP

ANSWER — 11
4:25-cv-05183-SAB