Enrique Elsey
Plaintiff, pro se
615 N. Wehe
Pasco, Washington 99301
509.721.7061
misterelsey@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **ENRIQUE ELSEY,**<br><br>Plaintiff,<br><br>v.<br><br>**PASCO SCHOOL DISTRICT NO. 1,**<br><br>Defendant. | No. 4:25-cv-05183-SAB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLETE ANSWER TO FIRST INTERROGATORY NO. 2**<br><br>**WITHOUT ORAL ARGUMENT**<br>Hearing Date: September 8, 2026 |

## I. INTRODUCTION

Defendant materially supplemented Interrogatory No. 2 after Plaintiff filed this motion. That supplementation narrows the dispute, but it does not eliminate it.

Interrogatory No. 2 requires Defendant to "[s]tate all facts supporting Defendant's Paragraph 25 Position," including specified information concerning the alleged misinformation Plaintiff provided, who determined that information was inaccurate or material, when that determination was made, and the nonprivileged documents or communications supporting it. ECF No. 22 at 3.

Defendant's August 21 response now says Plaintiff allegedly told Shirley Claflin that he received a ticket and that the vehicle was towed; that Claflin "thus" completed the applicable Federal DOT forms; that, while still on site, Claflin "began to understand more accurately what had occurred," specifically that Plaintiff had not been ticketed or

towed; and that she then voided the Federal form and completed the non-DOT form. Id.

The response does not state what fact or information caused Claflin's understanding to change. It does not identify a statement, person, communication, observation, document, or other event from which she supposedly learned that Plaintiff had not been ticketed or towed. Nor does it state that Defendant does not know.

A second issue also remains. Paragraph 25 of Defendant's operative Answer affirmatively states that Claflin explained during the later phone conversation that the wrong form had originally been provided because of misinformation Plaintiff supplied about the accident. ECF No. 10 at 4. Defendant's August 21 replacement no longer says that this explanation occurred during the call, but Defendant has not amended Paragraph 25 or stated in its verified interrogatory answer that it no longer maintains that component of the Paragraph 25 Position.

Plaintiff therefore seeks substantially narrower relief than the relief described in his original proposed order. The Court need only require Defendant to complete the answer it has now chosen to give: state the presently known nonprivileged facts supporting the missing step in Defendant's own causal account, or state that Defendant does not know those facts; and state whether Defendant continues to maintain Paragraph 25's call-specific allegation and, if so, the nonprivileged facts supporting it.

## II. ARGUMENT

### A. The July 9 informal conference concerned a supplementation deadline, not whether an incomplete interrogatory answer may be compelled.

Defendant first argues that the motion should be denied because the Court previously stated that it "does not impose supplemental response deadlines." ECF No. 19; ECF No. 22 at 2.

That statement does not resolve the issue presented here. Plaintiff is not asking the Court to establish a general timetable under which Defendant must continually supplement discovery. He seeks relief under Rules 33 and 37 from an allegedly incomplete answer to a particular interrogatory.

Rule 33(b)(3) requires each interrogatory to be answered "separately and fully in writing under oath." Rule 37(a)(3)(B)(iii) authorizes a motion to compel an answer to an interrogatory, and Rule 37(a)(4) provides that an evasive or incomplete answer is treated as a failure to answer.

The July 9 Civil Minutes do not hold that Interrogatory No. 2 was complete, adjudicate its substantive sufficiency, or exempt Defendant's interrogatory answers from Rules 33 and 37. Defendant's own submission before that conference represented that supplementation was forthcoming, and Plaintiff waited for the promised supplementation before filing this motion. See Bonwell Decl. Ex. B (ECF No. 22-1); Elsey Decl. Ex. D (ECF No. 20-3).

On July 24, Defendant's supplemental answer to Interrogatory No. 2 stated only that its search for additional responsive information remained ongoing. Elsey Decl. Ex. D

(ECF No. 20-3). Plaintiff filed this motion only after that supplementation failed to complete the answer.

**B. The August 21 amendment narrowed the dispute but did not make it moot.**

After the motion was filed, Defendant served the substantially revised August 21 answer now before the Court. ECF No. 22 at 3. Plaintiff accepts that amendment as Defendant's current response for purposes of this motion.

The amendment resolves some matters raised by the original motion. For example, Defendant now expressly identifies Claflin as the person who allegedly determined that the ticket-and-tow information was inaccurate and places that determination on May 20, 2025. Id. Plaintiff no longer seeks an order requiring Defendant to repeat information it has now supplied.

But Defendant's own replacement narrative creates a remaining factual gap:

**1.** Plaintiff allegedly told Claflin he had been ticketed and the vehicle towed;

**2.** Claflin “thus” completed Federal DOT forms;

**3.** Claflin then “began to understand more accurately” that Plaintiff had not been ticketed or towed; and

**4.** because of that changed understanding, Claflin voided the Federal form and completed a non-DOT form. ECF No. 22 at 3.

The response states the alleged initial information and the result of Claflin's later change in understanding. It does not state the factual event connecting the two. "Began to understand more accurately" describes a change in conclusion; it does not identify the fact that caused the change.

If Defendant presently knows that fact, it falls within an interrogatory requiring "all facts supporting Defendant's Paragraph 25 Position." If Defendant does not know how Claflin allegedly learned that the information was inaccurate, a complete answer can simply say that Defendant does not know.

That limited relief remains live notwithstanding the post-motion amendment.

**C. Defendant's "discrete subpart" argument does not answer the opening command to state all supporting facts.**

Defendant's opposition recognizes that Interrogatory No. 2 begins by requiring Defendant to "[s]tate all facts supporting Defendant's Paragraph 25 Position." ECF No. 22 at 3. Defendant nevertheless argues that the response is complete because each "discrete subpart" following the word "including" has been answered. Id. at 4.

Those are different propositions.

The interrogatory does not merely ask Defendant to identify the alleged misinformation, the person who found it inaccurate, the date, and supporting documents. It first commands Defendant to state all facts supporting the Paragraph 25 Position, and then specifically identifies subjects that must be included within that answer.

Plaintiff is not using his reply or proposed order to serve a new interrogatory. He seeks enforcement of the interrogatory as served. The missing information is not collateral to Defendant's August 21 narrative. Defendant itself made the alleged change in Claflin's understanding part of the factual explanation supporting its position. Having chosen to answer by asserting that Claflin first acted on Plaintiff's

alleged misinformation and then learned that information was inaccurate, Defendant must either state the presently known facts supporting that asserted sequence or state that those facts are unknown.

This does not require attorney mental impressions, privileged communications, or the Ganson report. It requires only Defendant's present nonprivileged factual position.

**D. Counsel's August 21 email does not cure the gap in the verified answer.**

The difference between counsel's August 21 email and Defendant's verified answer further illustrates the problem.

Counsel represented that "Ms. Claflin made this determination without any District staff involvement." Bonwell Decl. Ex. C at 1 (ECF No. 22-1).

The verified answer does not say that. It says only:

> "Ms. Claflin did not discuss with any District staff members present about which form was to be used."

ECF No. 22 at 3.

Those statements are materially different. The verified response addresses only District staff members who were present and only discussions "about which form was to be used." It does not state that there was no communication with District personnel who were elsewhere, nor does it identify how Claflin acquired the information that supposedly caused her understanding of the ticket-and-tow circumstances to change.

More importantly for present purposes, Rule 33 requires the interrogatory answer itself to be made under oath by the responding party. Counsel's broader characterization in an email cannot substitute for a complete party answer under Rule 33(b)(3) and (5).

If Defendant's verified position is in fact that Claflin obtained the supposedly accurate information without any District involvement, Defendant can state the known nonprivileged facts supporting that position in its interrogatory answer. If Defendant does not know the source of Claflin's changed understanding, it can say so.

**E. Defendant's operative Paragraph 25 allegation remains unresolved by the replacement answer.**

There is also a separate, narrower completeness issue apparent from Defendant's own pleadings.

Paragraph 25 of Defendant's Answer states:

> "Defendant admits Claflin explained to Plaintiff during this phone conversation that the wrong form was originally provided to him related to the specimen collection, due to misinformation Plaintiff provided about the accident."

ECF No. 10 at 4.

That allegation is part of the "Paragraph 25 Position" expressly incorporated into Interrogatory No. 2. Plaintiff's original interrogatory response likewise asserted that, "[d]uring that call," Claflin explained that Plaintiff's ticket-and-tow statements caused her to begin filling out the Federal DOT form. Elsey Decl. Ex. C (ECF No. 20-3).

The August 21 response materially changes that account. It no longer states that Claflin provided the ticket-and-tow explanation during the June 3 call. ECF No. 22 at 3. Counsel further states that the August 21 response "amends and replaces Defendant's prior answer." Bonwell Decl. Ex. C at 1 (ECF No. 22-1).

Plaintiff accepts replacement of the prior interrogatory answer. But replacement of an interrogatory response does not itself amend Defendant's Answer to the Complaint. Paragraph 25 remains operative.

Accordingly, Defendant's contention that it has now stated all facts supporting Paragraph 25 leaves a threshold question unanswered: does Defendant still maintain Paragraph 25's allegation that Claflin supplied that explanation during the phone conversation?

Plaintiff does not seek a particular answer. If Defendant no longer maintains that factual component of Paragraph 25, it can say so in its verified response. If Defendant continues to maintain it, Interrogatory No. 2 requires the nonprivileged facts presently known to Defendant supporting it.

**F. The Court need not resolve Defendant's recording objection to decide the remaining dispute.**

Defendant separately asks the Court to disregard Plaintiff's June 3 recording and transcript based on Washington privacy law. ECF No. 22 at 4.

The Court need not decide that issue to resolve the limited relief now requested.

The remaining deficiencies appear from Defendant's own filings. The August 21 verified answer itself says Claflin "began to understand more accurately" that Plaintiff had not been ticketed or towed without stating the factual source of that changed understanding. ECF No. 22 at 3. Defendant's operative Answer itself contains the call-specific Paragraph 25 allegation. ECF No. 10 at 4. And counsel's own declaration

exhibits the materially broader assertion that Claflin acted "without any District staff involvement." Bonwell Decl. Ex. C at 1 (ECF No. 22-1).

Thus, even if the Court gives no consideration to the recording or transcript for purposes of this motion, the Rule 33 completeness question remains.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant the motion to the limited extent relief remains following Defendant's August 21 amendment.

Plaintiff no longer asks the Court to require Defendant to repeat matters supplied in the August 21 response. **The relief sought in this motion does not include** sanctions, privileged communications, the Ganson report, attorney work product, or adjudication of the admissibility of the June 3 recording. Plaintiff requests only an order requiring Defendant to serve a complete verified answer to First Interrogatory No. 2 that:

1. states the presently known nonprivileged facts identifying how or through what information Claflin allegedly learned that Plaintiff had not been ticketed or towed, or states that Defendant does not know that information; and

2. states whether Defendant continues to maintain Paragraph 25's allegation that Claflin explained during the later phone conversation that the wrong form resulted from misinformation Plaintiff supplied and, if so, states the presently known nonprivileged facts supporting that allegation.

In all other respects, Plaintiff accepts Defendant's August 21 answer as its present response.

DATED this 22nd day of August, 2026.

Respectfully submitted,

**/s/ Enrique Elsey**
Enrique Elsey
Plaintiff, pro se
misterelsey@gmail.com
509.721.7061

## CERTIFICATE OF SERVICE

I certify that on August 22, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record through CM/ECF, with courtesy copies sent by email to lance@pfrwa.com and chase@pfrwa.com.

**/s/ Enrique Elsey**
Enrique Elsey